UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ROBERT MCCUNE, et al,<br><br>    Defendants. | CRIMINAL NO. 5:19-206-KKC-MAS<br><br><br>**ORDER** |

*** *** ***

The defendant(s) having been arraigned on the above action and having pled not guilty, the Court enters this general order of discovery and pre-trial procedures for criminal actions.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1.  Assignment of trial date. This matter is assigned for trial by jury on **March 9, 2020,** at the hour of 9:00 a.m. at LEXINGTON, Kentucky; Counsel shall appear in court at 8:30 a.m.

2.  Defensive motions.

    (a) Generally. Defensive motions (except motions for discovery under paragraph 4) shall be filed within thirty (30) days after arraignment, **accompanied by a memorandum of authorities**. Responses and replies will be governed by the Joint Local Rules of the Eastern and Western Districts of Kentucky, and **shall** be accompanied by a memorandum of authorities. **Pursuant to Crim. R. 47(c), any motion requiring an evidentiary hearing or oral argument shall be filed at least five (5) days before the hearing date.**

1

All memoranda on motions shall be in conformity with Rule 12.1 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky. Hearings on motions requiring evidentiary hearings or oral arguments may be reassigned at a mutually convenient time. Counsel shall confer and have all necessary witnesses present and ready to testify at such hearings.

 (b) <u>Motions to Suppress</u>. Paragraph 2 of this Order shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than the date of the suppression hearing.

3. <u>Pretrial discovery and inspection</u>.

 (a) <u>The Government</u>. Within 10 days after arraignment, the United States Attorney and the defense counsel shall confer and, upon request, the United States shall permit the defendant(s) to inspect and copy or photograph:

  (i) Any relevant written or recorded statements or confessions made by the defendant(s), or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

  (ii) Any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

  (iii) Any relevant recorded testimony of the defendant(s) before a grand jury.

(iv)    Books, papers, documents, tangible objects, buildings or places which are the property of the defendant(s) and which are within the possession, custody or control of the government.

(v)    The Federal Bureau of Investigation Identification Sheet indicating defendant's prior criminal record.

(vi)    Any evidence favorable to the defendant(s).

(b)    <u>The Defendant</u>.  Within ten (10) days after the arraignment, the United States Attorney and the defense counsel shall confer and, upon request, the defendant(s) shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

(c)    <u>Declined disclosure</u>.  If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph (a) above and requested by defense counsel, disclosure may be declined.  A declination of any requested disclosure shall be in writing, directed to defense counsel, and signed personally by the United States Attorney, and shall specify the types of disclosure that are declined.  If the defendant seeks to challenge the declination, he/she shall proceed pursuant to Subsection (d) below.

(d)    <u>Additional discovery or inspection</u>.  If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court.   The request may be oral or written and the Assistant United States Attorney shall respond in like manner.

3

4. <u>Jencks Act material</u>. Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to the defendant(s) by the United States prior to trial.

5. <u>*Brady* material</u>.   The government shall disclose any *Brady* material of which it has knowledge in the following manner:

    (a) pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

    (b) disclosure of all other *Brady* material in time for effective use at trial.

    (c) If the government has knowledge of *Brady* rule evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an *in camera* hearing for the purpose of resolving this issue; failure to disclose *Brady* material at a time when it can be effectively used at trial may result in a recess or a continuance so that the defendant may properly utilize such evidence.

6. <u>Rule 404(b) evidence</u>.  Upon service of a request from the defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

7. **No later than fourteen (14) days before trial**, motions for continuance of the trial or motions for rearraignment must be filed.  Otherwise, the parties shall submit the pretrial filings set forth in paragraphs 8 and 9 below.

    (a) **At least seven (7) days before rearraignment** at which the parties intend to present a **binding plea agreement** pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties shall file in the record a Notice of their intention to present a binding plea agreement and

4

shall forward a copy of the proposed plea agreement to the Court's chambers via email at Caldwell_Chambers@kyed.uscourts.gov.  The parties shall also submit a copy of the proposed plea agreement to the United States Probation Office.  Failure to comply with this provision will result in either a continuation of rearraignment or rejection of the plea agreement.

8. <u>Pre-trial Filings</u>.  **No later than fourteen (14) days** before trial, both parties shall make in camera submissions to the Court utilizing its e-mail address, Caldwell_Chambers@kyed.uscourts.gov.  The submissions need not be filed in the record and shall consist of the following:

  A. A short statement of the case to be read to the jury.

  B. Copies of all documentary evidence **pre-marked for identification**.

  C. Proposed topics and questions for the Court's use in voir dire.

  D. Each party shall submit a list of witnesses that may be called at trial to testify on the party's behalf.  The list shall contain the names of all anticipated witnesses and a summary of expected testimony.  Counsel shall also estimate the amount of time required for the direct and cross examination of each witness.

9. **No later than fourteen (14) days** before trial, the parties **shall file in the record** the following:

  A. Motions in limine and supporting memoranda; including evidentiary objections to portions of audio/video tapes and/or depositions. To the extent they are available, the parties shall provide copies of transcripts of all audio/video tapes and deposition testimony.

Objections shall be made specifically as to page and line.

      B.    Any or all motions or matters to be resolved prior to trial.

      C.    Motions for a pretrial conference.

      D.    Proposed jury instructions on the substantive law of the case. All proposed instructions shall cite supporting authorities. Whenever applicable, the parties shall follow the Sixth, Fifth or Eleventh Circuit Pattern Instructions.

10.    <u>Jury Selection</u>. At trial, the Court will conduct the inquiry of the jury panel. The inquiry will include questions and topics submitted in writing by the parties. After the initial inquiry, the Court will conduct a bench conference to ascertain whether it should pose further questions to the panel or follow up with individual jurors.

Once the inquiry of the jury panel is completed, the court will hear counsels' motions to strike potential jurors for cause. After addressing the motions, the Court will direct the Clerk of the Court to remove from the list of eligible jurors, the names of any jurors stricken for cause. The Court will then determine the number of alternate jurors and the number of peremptory challenges.

By random draw, the Clerk of the Court will call a round of potential jurors in a number equal to twelve jurors plus the number of alternates plus the number of peremptory challenges allotted to each side. The jurors will be seated in the Courtroom in the order in which they have been called. The Clerk of the Court shall provide counsel with a printed form listing the jurors in the same order. Using the form provided by the Clerk, the parties will exercise their respective peremptory challenges utilizing blind simultaneous strikes. The first twelve jurors not stricken will be the jury. Alternate jurors will be designated in the same order. However, the alternate

jurors will not be identified to the jury until after the jury has been instructed and before it retires to deliberate.

Objections to this jury selection procedure shall be filed in writing no later than **ten (10)** days prior to trial.

This the 2nd day of January, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge

Rev. 10/2018