UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ROBERT MCCUNE, et al.,<br><br>    Defendant. | CRIMINAL NO. 5:19-206-KKC<br><br><br>ORDER |

*** *** ***

This matter is before the Court on Defendant Robert McCune's motion to declare the case complex and extend trial and scheduling dates.  (DE 62.)  For the reasons stated below, the Court **HEREBY ORDERS** that the Defendant's motion (DE 62) is **GRANTED**.

The nineteen-count indictment in this cases charges eight defendants with various counts of wire fraud, health care fraud, and conspiracy to commit wire and healthcare fraud.  On January 7, 2020, Defendant McCune filed a motion to declare the case complex and extend trial and scheduling dates.  (DE 62.)  Defendant states that he believes discovery in this case is both voluminous and complex.  He further states that discovery will likely include a hard drive of information, containing thousands of pages of information, including medical records, bank and financial records, and other communication records.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court may exclude from the 70-day speedy trial period any period of delay resulting from a continuance granted by the Court, on its own motion or at the request of the parties, if the Court granted such continuance on the basis of her findings that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  In making this

determination, the Court may consider "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]." *Id*. § 3161(h)(B)(ii).

Here, the trial is currently scheduled for March 9, 2020. It appears, based on the Defendant's motion, that Defendant has not even received the necessary discovery from the government. Further, Defendant has advised the Court that the government does not oppose his motion to declare the case complex and continue the trial and scheduling dates. The Court has not received any objections from the other defendants in this case.

In light of the foregoing, the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. Considering the voluminous forthcoming discovery, the number of defendants, and the nature of the charges, the Court additionally finds that the case is complex such that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by the Speedy Trial Act.

Accordingly, the Court, being sufficiently advised, **HEREBY ORDERS** as follows:

(1) The Defendant's motion to declare the case complex and extend trial and scheduling dates (DE 62) is **GRANTED**.

(2) The Trial date of March 9, 2020 is hereby **SET ASIDE**.

(3) The trial in this matter is rescheduled for **June 1, 2020 at 9:00 a.m.**

(4) The Court **FINDS** that the ends of justice served by this continuance outweigh the best interest of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further **FINDS**, pursuant to 18 U.S.C. 3161(h)(7)(B)(ii), that this case is complex due to the number of defendants, the nature of the prosecution,

2

and the amount of discovery involved, and that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The time between the prior trial date and the new trial date should be excluded in computing the time that the trial of this matter must commence under the Speedy Trial Act.

Dated January 15, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY