UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>CLINTON PORTIS,<br><br>Defendant. | CRIMINAL ACTION NO. 5:19-206-KKC-EBA-4<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant's motion for a severance and transfer. On December 6, 2019, the grand jury indicted Defendant Clinton Portis on one count each of conspiracy to commit wire fraud and health care fraud, aiding and abetting wire fraud, and aiding and abetting health care fraud. (DE 1.) A trial in this matter is scheduled to begin on August 3, 2020. (DE 106.) On April 18, 2020, Defendant filed a motion to sever the proceedings against him and to transfer those proceedings to either the Alexandria Division of the United States District Court for the Eastern District of Virginia or the Southern Division of the United States District Court for the District of Maryland. (DE 112.)

Both the Sixth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 18 require that the government prosecute criminal cases in a district where the offense was committed. An "offense against the United States" that is "begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Defendant admits – as he must – that the indictment alleges

1

that certain communications made as part of an unlawful scheme were sent to and through the Eastern District of Kentucky. (DE 112 at 3) Therefore, this district is inarguably a permissible venue for this prosecution. (DE 112 at 1-2; DE 120 at 8.) Defendant's contention that a "technological quirk" – that the "false and fraudulent claims" from which this prosecution stems were "sent by fax from different locations across the country to Lexington, Kentucky" before being "reviewed by CIGNA employees in Lackawanna County, Pennsylvania" (DE 1 at 9) – is an insufficient basis for proper venue in this district (DE 112 at 1) is unavailing and counter to settled Sixth Circuit precedent. *See United States v. Grenoble*, 413 F.3d 569, 573-74, 574 n. 1 (6th Cir. 2005); *United States v. Shields*, No. 1:13-cr-125, 2014 WL 2154867, at *5 (S.D. Ohio May 22, 2014) ("wire fraud may appropriately be charged within any district where the wire transmission originated, *passed through*, or ended, in furtherance of the scheme to defraud." (emphasis added)).

A "substantial contacts" analysis does not require transfer here. In *United States v. Williams*, the Sixth Circuit adopted the substantial contacts test articulated by the Second Circuit in *United States v. Reed*, 773 F.2d 477 (2d Cir. 1985). 788 F.2d 1213, 1215. The *Reed* court held that the –

> test to determine constitutional venue… is best described as a substantial contacts rule that takes into account a number of factors – the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding…

*Id.* (quoting *Reed*, 773 F.2d at 481). Defendant's motion fails to establish that there are not substantial contacts with the Eastern District of Kentucky; rather, the substance of his argument is really that the contacts with his preferred venues are *more* substantial. But a defendant may not appeal to the substantial contacts test to escape from an otherwise proper

2

courthouse – when determining venue for the prosecution of "continuous crimes,"[1] the substantial contacts test is "applied… to determine which districts qualify as venues under 18 U.S.C. § 3237(a)." *United States v. Castaneda*, 315 F. App'x 564, 569 (6th Cir. 2009). The substantial contacts test does not require transfer to the venue with the *most* substantial contacts; nor does it rewrite the language of § 3237(a), which clearly contemplates prosecutions with more than one acceptable venue without ordering a forced ranking of those venues. *See Williams*, 788 F.2d at 1215-17 (holding that, "[a]pplying the substantial contacts test to prosecutions under 18 U.S.C. § 3150… there are substantial contacts both in the district releasing a defendant and in the district in which he is ordered to appear," and "[a]pplication of these considerations… leads us to the conclusion that venue under 18 U.S.C. § 3150 is proper in both the Eastern District of Kentucky and the Southern District of Indiana"); *Castaneda*, 315 F. App'x at 569 (finding that the Northern District of Ohio was an appropriate venue and noting that, "[w]hile the location of [Defendant's] acts might support venue in Texas, the elements of the conspiracy and the effect of the conspiracy both support venue in Ohio."); *United States v. Rodriguez*, No. 1:06-CR-302, 2007 WL 1287710, at *3 (E.D. Mich. May 2, 2007) (denying the defendants' motion to dismiss for lack of venue because, "[b]ased on the substantial contacts test, venue is appropriate both in this District and in the Northern District of Illinois").

Applying the substantial contacts test does not, at least at this stage of this case, disrupt this Court's finding that the Eastern District of Kentucky is a proper venue for this prosecution.[2] An element of the crimes of wire fraud and wire fraud conspiracy is the use of

---

[1] The parties do not contest that the crimes which Defendant has been charged with committing constitute continuing offenses. (DE 112 at 6 n. 2; DE 120 at 7.)

[2] When applying the substantial contacts test, certain of the factors may outweigh others in a court's final determination. *See, e.g., Castaneda*, 315 F. App'x at 569 (noting that, in that case, two of the factors outweighed another).

interstate wire communications in furtherance of the alleged scheme. *United States v. Rogers*, 769 F.3d 372, 377 (6th Cir. 2014); *United States v. Carman*, 186 F. Supp. 3d 657, 661 (E.D. Ky. 2016). A conviction for healthcare fraud requires proof that a defendant "knowingly devised a scheme or artifice to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services" and "executed or attempted to execute this scheme or artifice to defraud." *United States v. Hunt*, 521 F.3d 636, 645 (6th Cir. 2008) (citation and internal quotation marks omitted). The indictment alleges that Defendant "submitted or caused to be submitted" false and fraudulent claims by fax to Lexington (DE 1 at 9), and the government argues, credibly, that "[t]hese false and fraudulent claim forms are integral to the charged conduct" (DE 120 at 11). Further, there is no reason to believe that this district is any less suitable for accurate fact-finding in the prosecution of a conspiracy in which the government contends that criminal conduct has been committed, and evidence will be located, across the country (DE 120 at 10); Defendant's arguments on this point (DE 112 at 10), meanwhile, are mostly conclusory.

The extent to which Defendant requests that the Court grant him a discretionary transfer, that request is denied. Pursuant to Federal Rule of Criminal Procedure 21(b), a court may transfer a proceeding against a "defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Rule 21(b) requires that a "transfer for convenience satisfy the convenience of *both* parties," not just a defendant, and a "defendant does not have the right to shop for a forum in which his criminal case may be heard." *United States v. Jamal*, 246 F. App'x 351, 368-69 (6th Cir. 2007) (emphasis in original). Transfers under Rule 21(b) are not evaluated pursuant to the substantial contacts test,[3] but the standard endorsed by the Supreme Court in *Platt v. Minn.*

---

[3] Contrary to Defendant's suggestion (DE 122 at 8), the Court does not read the Sixth Circuit's decision in *United States v. Williams*, 274 F.3d 1079 (6th Cir. 2001) as establishing this principle. Although the

*Mining & Mfg. Co.*, 376 U.S. 240 (1964). *Jamal*, 246 F. App'x at 368. Under *Platt*, when evaluating a Rule 21(b) motion –

> a district court should consider (1) the defendant's location; (2) the location of possible witnesses; (3) the location of events giving rise to the proceeding; (4) the location of relevant documents and records; (5) disruption of defendant's business unless the case is transferred; (6) the expense to the parties; (7) the location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

*United States v. Micciche*, 165 F. App'x 379, 385 (6th Cir. 2006) (citing *Platt*, 376 U.S. at 243-44).

While "[n]o factor is dispositive," and Defendant "bear[s] the burden of proving that prosecuting the case in the district where the count was properly filed would result in a substantial balance of inconvenience to the defendant," *United States v. Assad*, No. 2:18-CR-140, 2019 WL 5396783, at *3 (E.D. Tenn. Oct. 22, 2019), the *Platt* factors almost uniformly weigh against transfer in this case. The distance between Defendant's current residence in Fort Mill, South Carolina to Lexington, Kentucky is approximately the same as it is to Alexandria, Virginia or Greenbelt, Maryland. (DE 120 at 15.) Although Defendant discusses certain conduct alleged to have occurred in Virginia and Maryland (DE 112 at 7), as the government notes, Defendant and his co-conspirators are charged with having perpetrated a nationwide conspiracy involving conduct across the country (DE 120 at 16). Defendant offers no examples of hard-copy documents located outside of this district that could not easily be sent to this district, nor does he discuss any meaningful, expected disruption to his ongoing business affairs. While the government asserts that the United States Attorney's Office in this district has already spent considerable resources prosecuting this case in preparation for

---

*Williams* court determined, pursuant to a substantial contacts analysis, that venue in the case was not proper in Michigan and that the remedy should be transfer to Texas, *id.* at 1083, that court did not clearly hold that such a transfer should be specifically made pursuant to Rule 21(b).

a trial in Lexington (DE 120 at 17), Defendant offers no argument as to why the expense to the parties would be meaningfully less were the case tried in Alexandria or Greenbelt. Defendant has well-qualified, Lexington-based counsel. Defendant offers no argument as to why the Lexington metropolitan area, which is serviced by three commercial airports, is meaningfully less accessible than Alexandria or Greenbelt. Finally, this Court's docket is no barrier to the prosecution of this case in Lexington.

Further, because Defendant's arguments for transfer to one of his preferred venues do not appear broadly applicable to his co-defendants – none of whom have joined the motion – a sound resolution of the transfer request in his favor would obviously require severance. (DE 112 at 11.) Pursuant to Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment… appears to prejudice a defendant or the government, the court may… sever the defendants' trials, or provide any other relief that justice requires." However, Defendant has failed to meet the standard for severance. "As a general rule, persons jointly indicted should be tried together," *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987), and "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," *Zafiro v. United States*, 506 U.S. 534, 539 (1993). There is a "high standard… to prevail on a severance motion," which requires that a defendant "show compelling, specific, and actual prejudice from [the] court's refusal to grant the motion to sever." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (citation and internal quotation marks omitted) (some brackets in original). The only basis for the motion to sever are Defendant's arguments about proper venue, discussed above. However, even if the Court agreed with Defendant that the proceedings against him should, under *Platt*, be transferred to another venue – which it

6

does not – he has failed to cite any binding precedent in this Court or circuit that such venue preference satisfies the applicable standard for severance.

Accordingly, the Court hereby ORDERS that Defendant's motion for a severance and transfer (DE 112) is DENIED.

Dated:  July 1, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY