Eastern District of Kentucky
**F I L E D**
Dec - 21 2020
Robert R. Carr
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In Re: ) ) ) **COURT OPERATIONS RELATED** ) **TO COVID-19** ) ) ) | **GENERAL ORDER** **No. 20-23** |

\*\*\* \*\*\* \*\*\* \*\*\*

This Order is issued in response to the continuing prevalence of COVID-19 cases within the counties comprising the Eastern District of Kentucky. Although Kentucky recently has seen increased stability in the number of new COVID-19 cases, the Commonwealth still has the 22nd highest rate of test positivity in the United States.[1] On December 17, 2020, Kentucky saw 3,349 new cases of the novel coronavirus and the state's positivity rate remained at 8.45 percent.[2] One hundred seventeen of Kentucky's 120 counties are considered critical "red zones," which means that the average number of daily cases in those counties is 25 or more per 100,000 people.[3] Official recommendations for reducing the number of COVID-19

---

[1] WHITE HOUSE CORONAVIRUS TASK FORCE REPORTS FOR KENTUCKY, (Dec. 13, 2020), https://gscdn.govshare.site/381d0fbb43b611527a8f1c329301ef51fd555fcf/Kentucky%20Dec%2013.pdf.

[2] COVID-19 DAILY REPORTS, (Dec. 17, 2020), https://chfs.ky.gov/cvdaily/COVID19DailyReport1217.pdf.

[3] KENTUCKY CABINET FOR HEALTH AND FAMILY SERVICES, *Red Counties as of Thursday, December 17, 2020*, (Dec. 17, 2020), https://chfs.ky.gov/agencies/dph/covid19/ThursdayRedCounties.pdf.

cases within red zones include rescheduling any public events, avoiding non-essential activities outside the home, and avoiding gatherings of any size.[4]

In support of the actions outlined below, the Court takes judicial notice of the following facts. On October 2, 2020, the United States Department of Health and Human Services Secretary Alex Azar renewed his January 27, 2020 determination that a public health emergency exists as a result of the continued consequences of COVID-19.[5] Following Azar's initial determination, Governor Beshear declared a state of emergency, *via* Executive Order 2020-215, which remains in effect. On November 20, 2020, the Kentucky Supreme Court issued Amended Order 2020-72, which provides that all state jury trials will be postponed until after February 1, 2021.[6] Additionally, the United States District Court for the Western District of Kentucky has ordered that no trial shall begin on or before February 26, 2021.[7]

The Court acknowledges national, state, and local guidance regarding the need to limit large gatherings of persons and seeks to take immediate and necessary precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, to the extent

---

[4] KENTUCKY CABINET FOR HEALTH AND FAMILY SERVICES, *Red Zone Reduction Recommendations*, (Dec. 17, 2020), https://chfs.ky.gov/agencies/dph/covid19/ThursdayRedCounties.pdf.

[5] U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, *Renewal of Determination that a Public Health Emergency Exists*, (Oct. 2, 2020), https://www.phe.gov/emergency/news/healthactions/phe/Pages/covid19-2Oct2020.aspx.

[6] SUPREME COURT OF KENTUCKY, *Amended Order 2020-72, In re: Kentucky Court of Justice in Response to COVID-19 Emergency: Court Proceedings*, (Nov. 20, 2020), https://kycourts.gov/courts/supreme/Rules_Procedures/202072.pdf.

[7] UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, *In Re: Sixth Supplemental Order Concerning Court Operations Related to COVID-19, General Order 20-25* (W.D. Ky. Dec. 4, 2020), https://www.kywd.uscourts.gov/sites/kywd/files/general-ordes/General_Order_2020-25_Sixth_Supp_Order_Re_Court_Operations.pdf.

practical. Therefore, consistent with these actions taken by federal, state, and local entities, it is hereby

**ORDERED** as follows:

1. All courthouses in the district remain open for business. However, subject to the specific exceptions outlined in paragraph 2 below, civil and criminal trials scheduled to begin January 19, 2021 through March 15, 2021, before any district or magistrate judge in the Eastern District of Kentucky, are **CONTINUED GENERALLY**, subject to further orders of the Court. Trials previously scheduled during this period shall be rescheduled by separate order of the district or magistrate judge assigned to the matter.[8]

2. Criminal matters scheduled before magistrate judges, such as initial appearances, arraignments, detention hearings, and the issuance of warrants, shall continue to take place in the ordinary course of business, subject to General Order 20-22, which authorizes the use of video conferencing and/or telephone conferencing under certain circumstances. Likewise, hearings scheduled before district judges during the period identified in paragraph 1 shall proceed as scheduled, subject to intervening orders of the judge assigned to the matter.

3. Any matter involving an attorney or party who is ill or in a high-risk category may be rescheduled by the presiding judge. However, counsel shall be responsible for advising the presiding judge of such illness or high-risk by filing an appropriate notice or motion containing sufficient information to allow the presiding judge to make an informed decision regarding any cancelation or continuance.

---

[8] Any judge may, in his or her discretion, determine that the need to conduct a jury trial during this period outweighs the public health concerns addressed herein.

4. Subject to intervening orders, Grand Juries shall continue to meet as currently scheduled.

5. Regarding criminal trials set during the period identified in paragraph 1, based on public health recommendations and the severity of risk posed to the public[9] the time period of the continuance caused by this General Order shall be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuance outweigh the best interests of the public and the defendant's right to a more speedy trial. 18 U.S.C. § 3161(h)(7)(A). Subject to intervening orders, the period of exclusion shall be from January 19, 2021 to March 15, 2021. The district judge assigned to the matter may extend this period if circumstances warrant.

The Court recognizes the right of criminal defendants to a speedy and public trial under the Sixth Amendment to the United States Constitution, and the particular application of that right in cases involving defendants who are detained pending trial. Therefore, in the event any affected party disagrees with the Court's analysis regarding the time excluded under the Speedy Trial Act, he or she may move for reconsideration in the individual case. Likewise, the government may seek reconsideration. Any motion for reconsideration shall be directed to the district judge assigned to the matter.

6. As noted in paragraph 1 above, the office of the Clerk of the Court shall remain open for business. Likewise, the United States Probation Office, and all other court services shall remain open, subject to intervening orders of the Court. The United States Bankruptcy

---

[9] *Interim Guidance for Businesses and Employers to Plan and Respond to Coronavirus Disease 2019 (COVID-19), May 2020,* (Updated Dec. 4, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/guidance-business-response.html.

Court for the Eastern District of Kentucky may impose such restrictions on hearings, meetings, and other matters as that court unit determines to be necessary and appropriate.

Dated: December 21, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky