UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|     Plaintiff      ) | **CRIMINAL NO. 5:19-206-KKC-S-4** |
|     ) | |
| v.      ) | **ORDER** |
|     ) | |
| CLINTON PORTIS      ) | |
|     Defendant      ) | |

\*\* \*\* \*\* \*\* \*\*

In order to proceed under the Sentencing Reform Act,

IT IS ORDERED as follows:

1. Sentencing proceedings are set in this case on **January 6, 2022 at 10:00 a.m. at Lexington, Kentucky**.

2. That the Defendant and defense counsel shall schedule an interview with the Probation Officer within **five (5) days** of the entry of a plea or a jury verdict with the actual interview to occur not later than **two (2) weeks** from the date of the entry of a plea or a jury verdict. It shall be the responsibility of defense counsel to contact the Probation Office to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

3. Not less than thirty-five (35) days prior to the date set for sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report (PSR) to the defendant and to counsel for both the defendant and the United States. **Within fourteen (14) days thereafter, counsel shall submit by letter, to the Probation Officer and to opposing counsel, all objections which they have to the PSR**. After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the PSR that

may be necessary.  The Probation Officer may require counsel for both parties to meet with the Officer to discuss unresolved factual and legal issues.

4. Not less than fourteen (14) days prior to the sentencing hearing, the Probation Officer shall submit the PSR to the undersigned.  The PSR shall be accompanied by the written objections of counsel and by an addendum setting forth any objections counsel may have made that have not been resolved, together with the Officer's comments thereon.  The Probation Officer shall provide a copy of any addendum to the PSR, including any revisions thereof, to the defendant and to counsel for the defendant and the United States.  The PSR shall also be accompanied by relevant medical or psychological evaluations, if such reports exist.

5. That **not less than fourteen (14) days prior to the sentencing hearing** the parties shall file in the record:

   a) a memorandum in support of or opposition to unresolved objections to the PSR that may impact the defendant's sentence.  The memorandum shall reference each objection by the same numerical reference that appears in the addendum to the presentence report.

   b) a list of any witnesses that may be called at the sentencing hearing. The list shall include a brief synopsis of each witness's testimony and an estimate of the length of such testimony; and

   c) a notice to the Court if either counsel reasonably believes that the time in which to complete the sentencing hearing will exceed thirty (30) minutes.

6. Except for any unresolved objections under paragraph 4, the Court may, at the hearing, accept the PSR as its findings of fact.  For good cause shown, the Court may allow a

new objection to be raised at any time before imposing sentence. **However, objections may not be raised for the first time in the text of a sentencing memorandum tendered pursuant to Paragraph 8 of this Order.** If filed in the record, late filed objections must be raised in a separate document with an appropriate caption. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the defendant, or the United States. In particular, the Court reminds the parties of the standard in U.S.S.G. § 6A1.3(a):

> . . . In resolving any dispute concerning a factor important to the sentencing determination, the Court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

7.      **No less than _seven (7)_ days prior to the sentencing hearing**, the United States shall file motions for downward departure pursuant to U.S.S.G. §5K1.1 and/or 18 U.S.C. § 3553(e). Absent good cause shown, the Court will not entertain untimely motions.

8.      **No less than _seven (7)_ days prior to the sentencing hearing**, the defendant shall file in the record any request for relief pursuant to 18 U.S.C. §3553(a)(2) along with a supporting memorandum. As previously noted in Paragraph 6 of this Order, objections to the Presentence Report or Sentencing Guideline Calculations shall not be raised for the first time within the text of this memorandum. The defendant shall serve a copy of the motion and memorandum upon the United States and shall forward a courtesy copy to the court's chambers either by facsimile, 859-233-2413, or by e-mail _Caldwell_Chambers@kyed.uscourts.gov._ **Untimely filed memoranda will not be considered by the Court unless accompanied by a motion showing good cause for the late submission.**

9.      The times set forth in this order may be modified by the Court for good cause

shown, except that the thirty-five (35)-day period provided for disclosure of the PSR pursuant to Fed.R.Crim.P. 32(e)(2) may be diminished only with the defendant's consent.

10. Nothing in this order requires the disclosure of any portions of the PSR that are exempt from disclosure under Fed.R.Crim.P. 32(i)(1)(B) and (d)(3).

11. The PSR shall be deemed to have been disclosed:

(1) when the report is physically delivered to counsel;

(2) one (1) day after the report's availability is orally communicated to counsel; or

(3) three (3) days after notice of its availability is mailed to counsel or the date of availability reflected in the notice, whichever is later.

12. The disclosure of the PSR to the defendant shall be the responsibility of counsel for the defendant.

13. The Probation Officer shall not disclose the Probation Officer's recommendation, if any, on the sentence.

14. Following the conclusion of the case before the District Court and upon the filing of a Notice of Appeal, the Probation office shall file a copy of the presentence investigation report to the Clerk of the Court, who shall place the report in the record under seal and flagged: "CONFIDENTIAL PRESENTENCE INVESTIGATION REPORT TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT," and at the same time, the Probation Officer shall provide a copy of the sentencing recommendation and any other information submitted to the Court pursuant to Criminal Rule 32(e)(3) to the Clerk of Court, who shall place all Rule 32(e)(3) information under separate seal flagged: "CONFIDENTIAL RULE

32(e)(3) INFORMATION. NOT TO BE DISCLOSED TO THE PARTIES. TO BE OPENED ONLY BY THE COURT OF APPEALS OR BY ORDER OF THE DISTRICT COURT."

15. These SEALED matters (PSR & Rule 32(e)(3) Information) will be maintained in the record for a period of one (1) year after all direct appeals have been mandated and then will be returned to the United States Probation Office at Lexington, Kentucky, unless otherwise ordered by the Court.

16. Plea agreement(s) will be maintained in the record for a period of one (1) year after all direct appeals have been mandated and then will be returned to the United States Attorney's Office at Lexington, Kentucky unless otherwise ordered by the Court. However, in electronically filed cases, the plea agreement shall be scanned into the record.

Dated September 07, 2021

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY